## 62576. SPRING BRANCH APARTMENTS v. EPPS.

BANKE, Judge.

The plaintiff in this dispossessory action obtained a writ of possession by default, following the defendant's failure to answer within the time provided by law. The defendant filed a motion to set aside this judgment on the ground that she had not been properly served. Following an evidentiary hearing, the trial court granted the motion, and the plaintiff appeals.

The purported service was by tacking. The defendant testified that she had never received a copy of the summons and affidavit, although she had received by mail the service copy of another dispossessory action against another tenant in the apartment complex. She stated that she had promptly reported this mistake to the manager of the complex and had returned the papers to her. *Held:*

Code Ann. § 61-302 (a) (as amended through Ga. L. 1978, pp. 938, 939) provides in pertinent part as follows: "If the sheriff is unable to serve the defendant personally, service may be had by delivering said summons and affidavit to any person *sui juris* residing on the premises or, after reasonable effort if no such person is found residing on the premises, by tacking a copy of said summons and affidavit on the door of the premises *and on the same day of such tacking,*

*enclosing, directing, stamping and mailing by first class mail a copy of said summons and affidavit to the defendant at his last known address,* if any, and making an entry of this action on the affidavit filed in said case." (Emphasis supplied.) The trial court was authorized to find from the evidence introduced at the hearing that the requirement of mailing a copy of the summons and affidavit to the defendant's last known address had not been satisfied because the plaintiff had instead mailed her the service copy of an action against another tenant. The fact that the defendant may have had actual knowledge of the pendency of the proceeding is irrelevant. "Where service is defective, knowledge by the defendant as to a pending lawsuit would not cure the defect. [Cit.]" *Hardwick v. Fry,* 137 Ga. App. 771 (225 SE2d 88) (1976).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 22, 1981.

*Maurice J. Bernard III,* for appellant.
*Sidney L. Moore, Jr.,* for appellee.